IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT LEE SANDERS                                                          PLAINTIFF

v.                                    Civil No. 6:13-CV-06024

RAY HOBBS ET AL.                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Robert Lee Sanders proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Varner Unit in Grady, Arkansas.  During the events at issue in this lawsuit, however, Plaintiff was incarcerated at the ADC, Ouachita River Unit in Malvern, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment.  ECF No. 63. Plaintiff has responded to this Motion, and Defendants have replied.  ECF Nos. 68-71.  This matter is now ripe for consideration.  Upon review, and based upon the following analysis, the Court recommends Defendants' Motion for Summary Judgment (ECF No. 63) be **GRANTED.**

1.      **Background:**

Plaintiff filed his Complaint on February 27, 2013.  ECF No. 1.  In this Complaint, Plaintiff alleges Defendants are liable under 42 U.S.C. § 1983 because they do not supply him with a denture cleaner and denture adhesive.  ECF No. 1 at 4.  Plaintiff claims because he is indigent, he is entitled

to free denture cleaner and denture adhesive.  *Id.*  Plaintiff claims O.R.U. 12.4.0, which is included in the Ouachita River Correctional Unit Policy and Procedures, directs that he be provided with free denture cleaner and denture adhesive.  *Id.* at 13-14.

Thereafter, on January 3, 2014, Defendants filed a Motion for Summary Judgment requesting Plaintiff's case be dismissed in its entirety.  ECF No. 63.  With this Motion, Defendants argues all claims against them should be dismissed for three reasons: (1) because Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit; (2) because his case is barred by sovereign immunity; and (3) because Defendants are not vicariously liable in a 42 U.S.C. § 1983 action.  *Id.* Plaintiff has responded to Defendants' Motion.  ECF Nos. 68, 70.  With this response, Plaintiff again claims Defendants are liable because they have not supplied him with free denture cleaner and denture adhesive.  *Id.*

2. <u>**Applicable Law:**</u>

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,*

2

477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).

**3.**    <u>**Discussion**</u>**:**

Plaintiff brings claims against five Defendants: (1) Ray Hobbs, the ADC director; (2) Larry May, the chief deputy of the ADC; (3) M.D. Reed, the warden of the Ouachita River Unit; (4) Sergeant Holms; and (5) Sergeant Walters.  ECF No. 1.  As a threshold issue, however, the Court will first consider whether Plaintiff exhausted his administrative remedies.  If so, the Court will then consider any remaining claims.

      **A.**    **Administrative Exhaustion**

Because this is a Section 1983 action, Plaintiff is required to exhaust his administrative remedies prior to bringing this lawsuit.  *See* 42 U.S.C. § 1997e (a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").

Because Plaintiff is alleging wrongdoing by ADC employees, the ADC's grievance procedure supplies the standard for determining whether Plaintiff has properly exhausted his administrative remedies.  *See Jones v. Bock,* 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements . . . that define the boundaries of proper exhaustion"). Defendants have provided in support of their Motion the ADC grievance procedures in place and available to inmates incarcerated within the ADC.  ECF No. 63-2.  This policy requires inmates to be specific as to the

3

personnel involved in the alleged misconduct.  ECF No. 64 ¶ 29.   It advises inmates they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a lawsuit.  *Id.*

In the present action, Plaintiff filed two formal grievances that were fully exhausted prior to his filing the current lawsuit[1]: (1) OR-12-01368; and (2) OR-13-0010.  ECF No. 63-3 ¶ 7.  With these two grievances, the only Defendant who is specifically named is Defendant Reed.  *See* ECF No. 63-1 at 15-20.  As noted above, in accordance with ADC policy, Plaintiff was required to "exhaust" his "administrative remedies as to *all defendants at all levels* of the grievance procedure before filing a Section 1983 lawsuit."  ECF No. 63-2 (emphasis added).  Here, Plaintiff only specifically named and exhausted his administrative remedies as to Defendant Reed.  Thus, only the claims against Defendant Reed can be considered in this lawsuit, and the claims against the other Defendants must be dismissed without prejudice.  *See* 42 U.S.C. § 1997e (a).  *See also Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.,* 155 F.3d 976, 978 (8th Cir. 1998) (finding dismissal for failure to exhaust administrative remedies should be without prejudice).

### B.   Defendant Reed

As to Defendant Reed, Plaintiff claims he is liable both in his official capacity and in his individual capacity.  The Court will address both claims.  First, Plaintiff alleges Defendant Reed is liable in his official capacity.  Plaintiff is incorrect in this claim.  Suits for money damages against the State of Arkansas and its agencies and officials sued in their official capacities are barred by the doctrine of sovereign immunity.  *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 54 (1996).  *See*

---

[1] Three other grievances–OR-13-00062, OR-13-00199, and OR-13-00287–were not exhausted prior to February 27, 2013, the date Plaintiff filed the current lawsuit.  *See* ECF No. 63-3 ¶ 8.  Thus, the Court will not consider those grievances.

*also Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012) (holding "Section 1983 provides no cause of action against agents of the State acting in their official capacities"). Thus, the Court finds the Motion to Dismiss as to the official capacity claim against Defendant Reed should be **GRANTED.**

Second, Plaintiff claims Defendant Reed is liable under 42 U.S.C. § 1983 in his individual capacity for failing to provide Plaintiff denture adhesive and denture cleaner. ECF No. 1. Plaintiff has not alleged Defendant Reed personally failed to supply him with either item. *Id.* Instead, Plaintiff alleges Defendant Reed is liable because he "signed off" on O.R.U. 12.4.0 and "[s]ince he's the one that made the ruling on it [his grievance]." ECF No. 63-1. Thus, Plaintiff's claim is Defendant Reed is liable only because he is a supervisor. *Id.* Such a claim is also not actionable under 42 U.S.C. § 1983. *See Brown v. Fortner,* 518 F.3d 552, 559 n.1 (8th Cir. 2008) (holding a Section 1983 claim cannot be based on *respondeat superior* or vicarious liability). Thus, the Court finds the Motion to Dismiss as to the individual capacity claim against Defendant Reed should be **GRANTED.**

4.   **Conclusion:**

Based upon the foregoing, the Court recommends Defendants' Motion for Summary Judgment (ECF No. 63) be **GRANTED**. Plaintiff's claims against Defendants Hobbs, Defendant May, Defendant Holms, and Defendant Walters should dismissed without prejudice, and Plaintiff's claims against Defendant Reed should be dismissed with prejudice.

**The Parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court.

       **DATED this 11th day of August 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

6